IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

NICOLITA MONTOYA,

        Plaintiff,

v.                                                    No.:   1:18-cv-00590-SCY-JFR

LOYA INSURANCE COMPANY, a foreign
corporation doing business in New Mexico

        Defendant.

### DEFENDANT'S MOTION AND ACCOMPANYING BRIEF TO LIMIT THE UNQUALIFIED "EXPERT" TESTIMONY OF STEPHEN STRZELEC

**COMES NOW,** Defendant Loya Insurance Company (hereinafter "Loya") by and through its attorneys, O'BRIEN AND PADILLA, P.C. (Daniel J. O'Brien and Alicia M. Santos), and hereby moves this Court to limit the testimony of Stephen Strzelec and prohibit him from testifying regarding the profit and loss of Loya Insurance on the basis that it is outside the scope of his qualifications as an expert and as unreliable information that will only serve to confuse the jury.

Pursuant to N.M.D.L.R. 7.1, concurrence was sought from Plaintiff and Plaintiff opposes this motion. Loya requests that the court set a hearing on this motion either in person or telephonically, whichever is most convenient for the Court.

In support of this motion, Loya respectfully states as follows:

### I.       INTRODUCTION

Plaintiff brought suit for bad faith, based on Loya's handling of an uninsured motorist claim filed in October 2016. Plaintiff disclosed Stephen Strzelec as an expert witness to testify in the areas of Loya's investigation and claims handling procedures. *See generally* Plaintiff's expert disclosures [Doc. 72]. Among the topics presented in Strzelec's expert disclosure, Strzelec's report indicates that he intends to opine as to the influence of goal setting on claims handling. *See* Strzelec's expert report, attached as

**Exhibit 1** to [Doc. 72], at p. 5. However, during his deposition, it became clear that Strzelec intends to testify regarding the income and profit of Loya for the purpose of calculating punitive damages. Mr. Strzelec is not qualified to offer such testimony and if allowed it will only serve to inflame the jury. Pursuant to Rule 702, this testimony is outside of the scope of his disclosures and his qualifications.

## II.     LEGAL AUTHORITIES AND ANALYSIS

### A.     Standard of Review

The admissibility of expert testimony is determined by Federal Rule of Evidence 702 which states:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
>
> **(a)** The expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>
> **(b)** The testimony is based on sufficient facts or data;
>
> **(c)** The testimony is the product of reliable principles and methods; *and*
>
> **(d)** The expert has reliably applied the principles and methods to the facts of the case.

F.R.E. 702 (emphasis added).

Federal Rule of Evidence 702 places trial judges in the role of a gatekeeper charged with excluding unreliable expert testimony. *See Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 589 (1993). "[A]s a matter of language, the Rule applies its reliability standard to all "scientific," "technical," or "other specialized" matters within its scope." *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 147 (1999). While district courts may exercise discretion while conducting a Rule 702 analysis, the court "has no discretion in whether it performs such an analysis." *Schulenberg v. BNSF Railway Co.,* 911 F.3d 1276, 1282 (10th Cir. 2018).

"In evaluating the admissibility of expert testimony, 'the district court must satisfy itself that the proposed expert testimony is both reliable and relevant". *United States v. Nacchio*, 555 F.3d 1234, 1241

(10th Cir. 2009) (en banc). If the testimony is not reliable it will not assist the trier of fact, and may not be submitted to the jury. *Id.*

Rule 702 requires the trial court to engage in a two-step process. As discussed below, Strzelec's testimony fails both elements of this process. First, the Court must "determine whether the expert is qualified by knowledge, skill, experience, training, or education to render an opinion." *Nacchio*, 555 F.3d at 1241. Second, if the Court determines that the expert is sufficiently qualified, "the district court must determine whether the expert's opinion is reliable by assessing the underlying reasoning and methodology." *Schulenberg* 911 F.3d at 1283 (internal citations omitted). Additionally, a trial court should also examine the data relied upon by a would-be expert, and exclude the testimony where "there is simply too great an analytical gap between the data and the opinion proffered." *Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 146 (1997), *See also Kumho Tire Co.*, 526 U.S. at 149.

The proponent of expert testimony bears the burden of proof, and must prove to the court that the proffered evidence is reliable by a preponderance of the evidence. *Eaton Corp. v. Parker-Hannifin Corp.*, 292 F.Supp.2d 555, 567 (D. Del. 2003); *See also In re Paoli R.R. Yard PCB Litig.*, 35 F.3d 717, 744 (3d Cir. 1994). The proponent of expert testimony must show that the testimony will "add to [the] jury's knowledge[,] . . . present them with a system of analysis that the court, in its discretion, can find reasonably likely to add to common understanding of the particular issue before the jury." *Id. See also*: *U. S. v. Fosher, C.A.,* 590 F.2d 381, 383 (1st Cir. 1979).

Loya Insurance does not challenge Strzelec's qualification to opine as to claims handling procedures. However, Plaintiff's disclosures and Strzelec's deposition testimony both fail to show that he has the financial training and experience to opine as to the financial status of Loya Insurance. Additionally, as discussed in more depth below, Strzelec's testimony is nothing more than an unqualified recitation of financial statements that is not relevant expert testimony and, thus, will not assist the trier of fact.

The Court should not allow Mr. Strzelec to testify as an expert regarding the financial statements of Loya Insurance because he is not qualified under the rules. By that same token, Mr. Strzelec may not testify as an expert on financial wealth or statements because his opinions are not the result of reliable principles and methods and are nothing more than recitations of information contained within documents the jury could evaluate themselves.

> **B.    The Court should exclude Mr. Strzelec's testimony regarding Loya's financial status, including but not limited to his opinions regarding "surplus" because he is not qualified by Education, Training, or Experience**

Mr. Strzelec is not qualified by training, education, or experience to reliably discuss the financial statements related to the company. "The objective of [the *Daubert*] requirement is to …make certain that an expert, whether basing testimony upon professional studies or personal experience, employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field. *Kumho Tire Co., Ltd.*, 526 U.S. at 152.

An expert witness may only testify about his or her opinions if the "witness [is] qualified as an expert by knowledge, skill, experience, training, or education to offer such opinions." *LifeWise Master Funding v. Telebank,* 374 F.3d 917, 920 (10th Cir. 2004). To qualify a witness as an expert, the moving party must establish that the witness possesses "such skill, experience or knowledge in that particular field as to make it appear that his [or her] opinion would rest on substantial foundation and would tend to aid the trier of fact in [its] search for truth." *Id.* "To be qualified to testify about a particular topic, an expert witness must possess 'specialized knowledge' regarding the area of testimony that must be, at a minimum, greater than that of 'the average layman.' *Lenard v. Semtech Health Sciences* 981 F.Supp.2d 273 at 281 (D. Del. 2013) *quoting Elcock v. Kmart Corp.*, 233 F.3d 734, 741 (3d Cir.2000).

Strzelec does not have the requisite education, experience or training to testify regarding the income or losses of Loya Insurance Company. Strzelec has spent most of his professional career working in the area of claims management for insurance companies. *See* Strzelec's curriculum vitae, attached as

4

**Exhibit A** to **Exhibit 1** to [Doc. 72]. Strzelec's education reflects a Bachelor of Science degree in Business Administration, and additional underwriting certifications. *Id.* There is no indication Strzelec has ever undergone any formal training in finance or accounting that would provide specialized knowledge to assist the jury regarding the financial statements of Loya.

Defendant does not challenge Strzelec's qualifications as a seasoned claims adjuster.[1] Yet, that does not sufficiently qualify him to present opinions on financial statements. Carrying the burden of proof, Strzelec was given broad latitude to explain his qualifications at his deposition. Strzelec testified that he started as a claims adjuster in the Seattle area, before eventually ending up "handling everything from large fire losses to slip and falls". *See* Deposition of Stephen Strzelec, attached herein as **Exhibit A** at 8:15 – 22. Strzelec was eventually promoted to management in claims handling. *See* **Exhibit A** at 9:11 – 18. Strzelec then began adjusting automobile insurance claims. *See* **Exhibit A** at 10:6 – 15. At the apex of his career with State Farm, Strzelec was "responsible for all auto claims for the State of Alaska." *See* **Exhibit A** at 12:15 – 19.

This falls woefully short of the financial and accounting background necessary to decipher financial statements, as Rule 702 requires. Strzelec's own testimony lays bare the deficiencies in his background, "[m]anaging expenses is a concern to all parts of any company, but *profit in and of itself isn't part of a claims department*." *See* **Exhibit A** at 37:1 – 3 (emphasis added). Ignoring his own concession that he has no practical experience with the concept of profit, Strzelec intends to offer opinion testimony regarding profit and loss for multiple years and to tell the jury about equity interest in the company. *See* **Exhibit A** at 42:19 – 25. Despite testifying earlier in his deposition that profit has nothing to do with the claims department, Strzelec believes his background in claims qualifies to testify about balance sheets, underwriting and unfulfilled estimate. *See* **Exhibit A** at 43:1 -6.

---

[1] The purpose of this instant motion is to limit Strzelec's testimony regarding accounting and financial matters. While Defendant's Motion does not challenge Strzelec's qualification to testify as to other matters, Defendant does not waive its right to subsequently challenge Strzelec's qualifications pertaining to other opinions.

Strzelec's opinions are flawed on two fronts.  First and foremost, Strzelec does not have the training or expertise to testify about the financial statements of Loya.  Second, Strzelec has failed to show that he has sufficient financial and accounting knowledge and training to testify as to the methodology underlying the reports.  Under Rule 702, this Court should serve as a gatekeeper and limit Strzelec's testimony, precluding him from testifying about topics he knows nothing about.

Plaintiff's attempt to shoehorn Loya Insurance's financial data into the scope of Strzelec's expertise is not unlike countless cases, where the Court has appropriately "closed the gate" as permitted by *Daubert*.  For example, in *LifeWise Master Funding v. Telebank*, 374 F.3d 917, the Tenth Circuit excluded Plaintiff's expert from testifying about a damages model, when he was unqualified to explain the report to the jury.  *LifeWise,* 374 F.3d 917, 928 (10th Cir. 2004).  In *LifeWise*, the proffered expert was the CEO of the Plaintiff corporation.  *Id.* at 922.  Part of his testimony would be to opine about a statistical model of damages.  *Id.* at 928.  However, Plaintiff's expert conceded that he had not prepared the report, was not a trained economist and had no knowledge of the data underlying the model.  *Id.* Ultimately, the Court recognized that, given the expert's "utter lack of any familiarity, knowledge, or experience with damages analysis, the district court did not abuse its discretion in ruling that he could not testify as an expert." *Id.* at 929.

This is not unlike here, where Strzelec has no knowledge in the realm of financial analysis.  Strzelec did not prepare the financial statements he intends to opine about.  He has no idea of the internal accounting procedures and cannot determine how accurately the statements reflect concepts such as "surplus", nor does he have sufficient knowledge of the assets or debts of Loya Insurance to even address the basic concept of owner's equity.

In addition to his lack of training on the financial concepts he intends to opine about, Strzelec also lacks factual knowledge regarding Loya Insurance's accounting and reporting procedures, sufficient to understand the data underlying the profit and loss report.  Devoid of this knowledge of the data

6

underlying the financial statements, *Daubert* mandates that Strzelec is precluded from opining about the final product.

The *LifeWise* Court's finding also addresses this concern, recognizing that even a financial expert may only opine about the earning of a company where they both have knowledge of the company, and knowledge of the methodology used to calculate earnings. The *LifeWise* court held that the owner could not opine as either an expert under 702, or as a lay witness under 701, because such testimony requires foundation that the witness is familiar with both the "businesses *and* . . . the factors on which they relied to estimate lost profits "*Id.* (emphasis original). Even if Strzelec can establish he is qualified to explain the numbers printed on the profit and loss statements, Strzelec does not have the specialized knowledge to testify as to the underlying accounting processes to reach these final numbers. Strzelec's experience as a claims adjuster fails to provide sufficient foundation for him to understand the underlying accounting methods that supports the financial statements he intends to read to the jury. "Regardless of the basis on which a witness purports to qualify as an expert, as part of its gatekeeping function, a court must assess whether the proposed expert possesses a reliable basis in the knowledge and experience of the relevant discipline." *Rothe Development, Inc. v. Department of Defense,* 107 F.Supp. 3d 183, 196 (D.D.C. 2015).

In *Rothe Development, Inc.,* Plaintiff tendered an expert whose "job, avocation and passion" was to review and analyze data pertaining to the bidding process for federal government contracts. *Rothe,* 107 F. Supp.3d at 202. The expert operated a consulting business providing econometric analysis consulting to businesses on how to improve their bidding process. *Rothe,* 107 F. Supp. 2d at 202 – 203. The Court found that the expert's rebuttal report used "basic addition, subtraction, multiplication and division" but failed to address "the statistical significance of any of his calculations." *Rothe,* 107 F. Supp. 2d at 203. Notably, the opinion specifically cited to the expert's concession that he "can't really explain…how statistical significance is computed." *Id.* While the Court appeared to recognize the expert's qualifications in other fields, he was determined to be unqualified to testify in the proffered

7

subject. *Id., citing Arias v. DynCorp.*, 928 F. Supp.2d 10, 17 (D.D.C. 2013), "finding expert was not qualified under Rule 702, notwithstanding expert's impressive credentials, because plaintiffs [did] not demonstrate [] how [expert's] academic and professional experience mad[d]e him qualified to testify about the particular factual questions at issue." *Id.,* internal quotations omitted.

It is anticipated that Plaintiff will argue Strzelec is well-qualified as an expert in claims management, and has been qualified in federal court numerous times to give opinions on that topic. However, the pending question before the Court is not to exclude Strzelec as a whole. Like the *Rothe* and *Arias* experts, this Court's focus should not be on Strzelec's qualifications to testify in certain areas, such as claims handling. Rather, the question is whether his academic and professional experience make him qualified to testify about Loya Insurance's profit loss and equity. The answer is unequivocally no. It is clear that he has no educational background in finance and accounting. Moreover, Strzelec himself has conceded that profit isn't part of a claims department, and is thus, outside his professional experience as well. Strzelec's recitation of "profit and loss" of Defendant is woefully short of qualified testimony and Strzelec's testimony should be limited and his opinions regarding the financial statements of Loya Insurance excluded.

      **C.**     **Strzelec's testimony regarding the profit and loss of Loya is unreliable.**

Plaintiff's expert, Stephen Strzelec, is not only unqualified as to opine on the financial health of Loya Insurance, but his opinions are not reliable. Strzelec's opinions will likely confuse the issues, and improperly misrepresent the contents of Loya's financial statement. As discussed above, Strzelec is not qualified to opine about the financial statement of Loya Insurance. Additionally, Plaintiff asked Strzelec to talk to the jury about profit and loss, change in surplus and the change in equity of the company. To that end, in his deposition, Strzelec testified that he will review company profit and loss statements and advise what the profit and loss was for this year and prior years. However, in his deposition Strzelec stated that would be "as far as I'm going to go with that." Strzelec admittedly will not opine as to any

sort of correlation to the claims handling procedures here.  Instead, it appears that Strzelec admits that he is going to read the profit and loss statements and then attempt to tell the jury how much money Loya "has available" to pay a punitive damage award.  This opinion is unreliable and misleading because, as Loya's expert, Christine Sullivan explains, there is much more that goes into determining the "available" money than simply looking at the profit and loss of the company.  See Deposition of Christine Sullivan, at 174:6-175:23, attached as **Exhibit B.**

Plaintiff's attempt to use the pretext of "expert testimony" to improperly introduce unreliable evidence is not unique.  For example, in *Ram v. New Mexico Department of Environment,* 2006 WL 4079623 (D.N.M. Dec. 15, 2006, Browning J.), the Court considered the admission of a salary analysis prepared by an expert statistician.  *Ram*, 2006 WL 4079623 at *3 – 4.  The Court recognized the expert's "education, experience, and professional background are adequate to qualify her as an expert witness." *Ram* at *12.  Despite the fact that the expert was qualified to testify as an expert witness in statistics", the Court was "concerned, however, that she did not fully bring her expertise to bear in this case and that the proffered testimony is not expert testimony regarding statistical analysis." *Id.*  Ultimately, the Court excluded the expert's statistical analysis as unreliable. *Id.*  Devoid of sufficient reliability, the expert's report was excluded, and the Court turned to the question of whether the expert still may testify regarding her opinions. *Ram* at *17.  In determining that the witness's testimony should be excluded all together, the court observed, "expert endorsement of those tables and graphs may endow the evidence with a weight it does not deserve and which may exacerbate its tendency to mislead and amplify its prejudicial impact." *Id.*  This risk was even greater given the Court had already excluded the expert's opinions as unreliable. *Id.*

Similarly here, Mr. Strzelec's "opinions" as to Loya's available funds are unreliable and would tend to mislead the jury and unfairly prejudice Loya.  Additionally, there is a risk that Mr. Strzelec's testimony may be used to mislead the jury that there is a relationship between the wealth of Loya and

the handling of Plaintiff's claim. Such claim has no evidentiary support and is wholly unreliable.

### III.    CONCLUSION

Strzelec's testimony focusing on the financial statements of Loya is beyond the scope of his qualifications. Strzelec lacks the knowledge and training to prepare any sort of report or offer his opinions regarding the financial status of Loya. Strzelec has made it clear he intends to read the profit and loss statements to the jury, in an attempt to misrepresent the financial wealth of the defendant corporation. Such recitations are unreliable and improper. Finally, and perhaps most importantly, if Mr. Strzelec's misguided and unsupported conclusions are given the status of expert testimony they may be given undue weight by the jury and will result in unfair prejudice to Loya.

WHEREFORE, Defendant Loya Insurance Company respectfully requests that the Court exclude testimony by Stephen Strzelec regarding the financial statements of Loya Insurance, including but not limited to profit, surplus and equity, as he is unqualified to testify on these topics under both F.R.E. 703 and the standards set forth by *Daubert*.

Respectfully submitted,

O'BRIEN & PADILLA, P.C.

By: */s/ Alicia M. Santos*
    DANIEL J. O'BRIEN
    ALICIA M. SANTOS
    6000 Indian School Rd. NE, Suite 200
    Albuquerque, NM 87110
    (505) 883-8181
    dobrien@obrienlawoffice.com
    asantos@obrienlawoffice.com
    *Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 23rd day of October, 2019, the foregoing document was filed electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Richard J. Valle
Andrea D. Harris
CARTER & VALLE LAW FIRM, P.C.
8012 Pennsylvania Circle NE
Albuquerque, NM  87110
(505) 888-4357
rv@carterlawfirm.com
adh@carterlawfirm.com

Bryan L. Williams
Williams Injury Law, PC
4801 All Saints Rd. NW
Albuquerque, NM 87120
(505) 594-4444
bryan@bryan4results.com
*Attorneys for Plaintiff*

*/s/ Alicia A. Santos*
ALICIA A. SANTOS