# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

**NICOLITA MONTOYA,**

    **Plaintiff,**

v.                                Civ. No. 18-590 SCY/JFR

**LOYA INSURANCE COMPANY, a
foreign corporation doing business in
New Mexico,**

    **Defendant.**

## MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR SANCTIONS FOR SPOLIATION OF AUDIO RECORDING

**THIS MATTER** comes before the Court on Plaintiff Nicolita Montoya's Motion For Sanctions For Spoliation Of Audio Recording Evidence, filed June 10, 2019. Doc. 75. Defendant Loya Insurance Company filed a response in opposition on June 24, 2019. Doc. 80. Defendant filed a reply on July 29, 2019. Doc. 96. The Court orders that the Motion be denied for the reasons explained below.

## I. BACKGROUND

Plaintiff brings this bad faith claim against her insurance company for its handling of her claim under her uninsured motorist benefits. Plaintiff was in a motor vehicle accident on October 3, 2016. Compl. ¶ 8 (Doc. 1-1). Plaintiff made a claim for Uninsured Insurance Benefits with her auto insurance company, Defendant Loya Insurance Company. Compl. ¶ 11. In the course of its investigation, Defendant took a recorded statement from Plaintiff but lost it. Compl. ¶¶ 18-19. Plaintiff was forced to file suit against Defendant in state court in February 22, 2017. Compl. ¶ 20. On January 25, 2018, the jury rendered a verdict in favor of Plaintiff against Defendant in the amount of $23,742.82. Compl. ¶¶ 45-46. The Complaint brings claims for Breach of

Contract, Insurance Bad Faith, Unfair Insurance Claim Practices, and Unfair Trade Practices. Doc. 1-1 at 5-9.

The present motion seeks a finding of liability against Defendant as a sanction for its failure to preserve the recorded statement Defendant took from Plaintiff during its investigation of her claim. Doc. 75 at 1. Pursuant to 28 U.S.C. § 636(c), the parties consented to the undersigned to conduct any or all proceedings and to enter an order of judgment. Docs. 11, 13 & 15.

## II. STANDARD OF REVIEW

"District courts have 'substantial weaponry' in their arsenal to shape the appropriate relief for a party's spoliation of evidence." *Helget v. City of Hays, Kan.*, 844 F.3d 1216, 1225-26 (10th Cir. 2017). Such rulings are reviewed for abuse of discretion. *Id.* at 1225. "Among the options, a court may strike witnesses, issue an adverse inference, exclude evidence, or, in extreme circumstances, dismiss a party's claims." *Id.* at 1226 (citations omitted). "The 2015 revisions to Federal Rule of Civil Procedure 37(e) provide courts further guidance on issuing sanctions for destroying or failing to preserve electronically stored information (ESI)." *Id.* at 1226 n.7. "The Rule instructs courts to 'order measures no greater than necessary to cure the prejudice.'" *Id.* (quoting Fed. R. Civ. P. 37(e)(1)). "But where a party acts with the intent to deprive another from using the ESI in litigation, a court may 'presume that the lost information is unfavorable to the party,' issue an adverse-inference instruction, or 'dismiss the action or enter a default judgment.'" *Id.* (quoting Fed. R. Civ. P. 37(e)(2)(A)-(C)).

"Spoliation sanctions are proper when (1) a party has a duty to preserve evidence because it knew, or should have known, that litigation was imminent, and (2) the adverse party was prejudiced by the destruction of the evidence." *Turner v. Pub. Serv. Co. of Colo.*, 563 F.3d 1136, 1149 (10th Cir. 2009). "But if the aggrieved party seeks an adverse inference to remedy the

spoliation, it must also prove bad faith." *Id.* "Mere negligence in losing or destroying records is not enough because it does not support an inference of consciousness of a weak case." *Id.* (internal quotation marks omitted). "Without a showing of bad faith, a district court may only impose lesser sanctions." *Id.* Dismissal with prejudice is an extreme sanction, appropriate only in cases involving "willfulness, bad faith, or some fault" on the part of the party to be sanctioned. *The Procter & Gamble Co. v. Haugen*, 427 F.3d 727, 738 (10th Cir. 2005) (internal quotation marks and alterations omitted). "Because dismissal with prejudice defeats altogether a litigant's right of access to the courts, it should be used as a weapon of last, rather than first, resort." *Id.* (internal quotation marks omitted).

## III. DISCUSSION

Plaintiff's motion asks for a finding of liability against Defendant and a jury trial limited to Plaintiff's damages. Doc. 75 at 8. In other words, Plaintiff asks for the most severe of sanctions, a default judgment. Because Plaintiff has not demonstrated any prejudice for the loss of the recording, Plaintiff's motion is denied. The Court does not consider whether lesser sanctions would be appropriate because Plaintiff does not request any.

The recorded statement in question is a recording of a telephone call wherein Plaintiff gave a statement to a Loya claims adjustor, Marivel Boneo, regarding the car accident. Ms. Boneo preserved the notes she took contemporaneously to the telephone call, and also testified about the notes and the telephone conversation in her deposition. Doc. 75-1 at 3 & 6. Plaintiff argues that she has suffered prejudice because in that deposition Ms. Boneo gave more information about the telephone conversation than was contained in her notes. Doc. 75 at 5; Doc. 96 at 2-3. The Court agrees that the loss of the recording caused Plaintiff some prejudice, as it prevented her from obtaining a full transcript of the conversation rather the parts that Ms. Boneo chose to record in her notes. This prejudice, however, is minimal.

First, Plaintiff herself was part of the conversation. Thus, the loss of the recording did not deny her access to the conversation. Plaintiff therefore retains the ability to testify about conversation despite the loss of the recording.

Second, Plaintiff was able to depose the adjustor and thereby obtain the adjuster's testimony about the conversation. Because Plaintiff has independent personal knowledge of this conversation that she was part of and because Plaintiff obtained the adjuster's notes and testimony about the conversation, Plaintiff has the means to adequately prepare for trial. *See Turner v. Pub. Serv. Co. of Colo.*, 563 F.3d 1136, 1150 (10th Cir. 2009) (no prejudice results from loss of information where the adverse party "had access to a significant amount of evidence regarding" the same subject); *McCauley v. Bd. of Comm'rs for Bernalillo Cnty.*, 603 F. App'x 730, 736 (10th Cir. 2015) (no prejudice where the missing recordings "were not [plaintiff's] only source of information about" the subject).

Third, and most importantly, there is no dispute over the relevant contents of the telephone conversation. Plaintiff testified in her deposition that she agreed with the substance of Ms. Boneo's testimony regarding the contents of Plaintiff's statement. Doc. 80-1 at 3. Both Ms. Boneo and Plaintiff testified that Plaintiff said she was at the Smith's gas station on Coors and Central. Doc. 80-1 at 3; Doc. 75-1 at 3. She pulled out of that gas station intending to make a left-hand turn to head east on Central. Doc. 80-1 at 3; Doc. 75-1 at 3. She looked but did not see any traffic coming. Doc. 80-1 at 3; Doc. 75-1 at 3. She was struck on the right front fender of her vehicle by another vehicle that she did not see. Doc. 80-1 at 3; Doc. 75-1 at 3. She didn't know what happened or where the other vehicle came from. Doc. 80-1 at 3; Doc. 75-1 at 3. Plaintiff then testified that "those are all of the facts and information that [she] provided to Ms. Boneo

4

when she asked [her] about how the accident occurred," and there was nothing else that she stated to Ms. Boneo about the accident. Doc. 80-1 at 3.

Plaintiff's request is similar to that in *Henning v. Union Pacific Railway Co.*, where the Tenth Circuit rejected the plaintiff's attempt to impose a blanket rule that "'a voice tape that is the only contemporaneous recording of conversations at the time of the accident will always be highly relevant to potential litigation over the accident.'" 530 F.3d 1206, 1219 (10th Cir. 2008) (quoting *Stevenson v. United Pacific Railroad Co.*, 354 F.3d 739, 748 (8th Cir. 2004)). The Tenth Circuit instead held that "[r]elevance is a highly fact-specific inquiry." *Id.* And "[w]ithout proving relevance," the plaintiff "could not show she was prejudiced." *Id.*

Any prejudice Plaintiff might suffer from not having a recording of the statement is slight and does not justify the only relief Plaintiff requests: a finding of liability against Defendant. Plaintiff's Motion For Sanctions For Spoliation Of Audio Recording Evidence (Doc. 75) is therefore **DENIED**.

_____
STEVEN C. YARBROUGH
UNITED STATES MAGISTRATE JUDGE
Presiding by consent